**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

JAMES LEWIS HOPKINS
ADC #185090                                                                                          PLAINTIFF


v.                                                    4:26-cv-00484-JJV


LARRY NGUYEN,
Doctor/Orthopedic Surgeon                                                                DEFENDANT


**MEMORANDUM AND ORDER**

**I.      INTRODUCTION**

James Lewis Hopkins ("Plaintiff") is a prisoner in the Ouachita River Unit of the Arkansas

Division of Correction (ADC) has filed a *pro se* Complaint against Larry Nguyen, M.D. Plaintiff's

remaining claim is that in July and August 2025, Dr. Nguyen violated his Eighth Amendment

rights, as protected by 42 U.S.C. § 1983, by failing to provide him with constitutionally adequate

medical care for blood clots and complications from hip surgery. (Doc. No. 2.) Plaintiff's other

claim against Dr. Nguyen was previously dismissed. (Docs. No. 6-7.)

Dr. Nguyen has filed a Motion for Summary Judgment arguing he is entitled to summary

judgment because he "was not a state actor as required for a [§] 1983 claim." (Doc. No. 10 at 6.)

Plaintiff has filed a Response and accompanying Brief in Support along with a Response to

Defendant's Statement of Facts and his own Statement of Facts. (Docs. 18-21.)  And Dr. Nguyen

has filed a Reply.  (Doc. No. 23.) After careful review and consideration, the Motion is

GRANTED.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).

## III.    FACTS[1]

On August 7, 2025, Plaintiff was transferred to Bowen Hefley Orthopedics for hip replacement. (Doc. No. 2 at 5.) He states after waking up from surgery he told Dr. Nguyen he was having a difficult time breathing but was denied supplemental oxygen by Dr. Nguyen. (*Id.*) After being released back to the ADC, Plaintiff says he was given supplemental oxygen for seven days. (*Id.*) On August 19, 2025, Plaintiff was transferred to St. Vincent Medical Intensive Care Unit

---

[1] The facts are taken from Defendant's Statement of Undisputed Material Facts (Doc. No. 11), which is supported by Defendant's Affidavit (Doc. No. 10-1) and the consultation forms (Doc. No. 10-2, 10-3.) Additionally, the facts are taken from Plaintiff's Statement of the Facts (Doc. No. 21), his Response to Defendant's Statement of Facts (Doc. No. 20.), and his Complaint (Doc. No. 2.)

where an x-ray revealed a pulmonary embolism, among other issues. (*Id.*) Plaintiff then underwent emergency surgery, which he alleges caused nerve damage. (*Id.* at 6.) He also says when he woke up following the hip replacement, he realized his "[right] leg was 2 inches shorter than [his] left leg which left [him] crippled[.]" (*Id.*) Plaintiff alleges he suffered multiple infirmities as a result of his hip replacement and the complications that followed. All of which he blames on Dr. Nguyen. Importantly, he alleges Dr. Nguyen "violat[ed] his contract with the Arkansas Department of Corrections to give inmates the best medical care for the money he asked for which is a violation of his contract and [Plaintiff's] 8th Amendment rights to have excellent care which [he] did not get equal deliberate indifference." (*Id.* at 7.)

Dr. Nguyen responds that he "is not employed or under contract with the Arkansas Department of Corrections, any of the facilities it operates, or any entity contracted with the Arkansas Department of Corrections to manage care of inmates." (Doc. No. 11 at 2.) Dr. Nguyen is a board-certified orthopedic surgeon and practices with the Bowen Hefley clinic. (*Id.*) He states inmates can schedule consultations with Bowen Hefley's clinics and he "evaluates every patient and makes recommendations based on his independent medical expertise and judgment, regardless of the patient's incarceration status." (*Id.* at 3.) Additionally, Dr. Nguyen "does not practice according to any instructions, policies, or direction from the Arkansas Department of Corrections." (*Id.*)

Dr. Nguyen states he saw Plaintiff at one of Bowen Hefley's private clinics where he "evaluated Mr. Hopkins like he would any other patient." (*Id.* at 4.) He then made recommendations that were "sent to the prison and ultimately an operation was scheduled for Mr. Hopkins." (*Id.*) Dr. Nguyen states he "has never agreed, overtly or implicitly, to act for the state nor to assume the state's constitutional responsibility as it relates to medical care of incarcerated

3

persons." (*Id.*)

## IV.    ANALYSIS

At issue here is whether Dr. Nguyen is a state actor because "[t]o state a claim for relief in an action brought under § 1983, [Plaintiff] must establish that [he] [was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Put another way, "[a]nyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983.'" *Filarsky v. Delia,* 566 U.S. 377, 383 (2012).

To determine whether a defendant's conduct is fairly attributable to the state, the United States Court of Appeals for the Eighth Circuit explained "there can be no 'fair attribution' unless the alleged constitutional violation was 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.'" *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)). Continuing quoting *Lugar*, the Court explained "'the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials or because his conduct is otherwise chargeable to the state.'" *Id.*

Dr. Nguyen argues "[t]he undisputed facts show that [he] was not acting under the color of state law." (Doc. No. 10 at 8.) He says he "is not employed with the prison and does not have a contract with the prison to provide care to prison inmates. He is in private practice and sees his patients at the private facilities where [he] has privileges." (*Id.*) To support his argument, Dr. Nguyen cites to several cases from the Western District of Arkansas. For example, in *Hurst v. Rucker,* 2022 WL 1298579 (W.D. Ark. Mar. 24, 2022), *report and recommendation adopted* 2022

4

WL 1297103, the court held a "private physician or nurse may act under color of state law when he or she is under contract with the government entity, conspires with governmental actors, or otherwise takes on the government's obligation to provide medical care rather than merely assisting in the provision of care." *Hurst* at *4 (citing *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295 n. 2, 295-296 (2021)). Because the plaintiff there could not "establish any meeting of the minds between [the medical team] and the police officer at the scene" and the hospital "was not under contract with the police department" or the local detention center, the defendants "did not act under 'color of law' for purposes of establishing liability under § 1983." *Id.* In *Burgess v. Lee*, 2017 WL 3461310 (W.D. Ark. Aug. 11, 2017), the court applied the *Montano* approach holding "the Court believes a private physician treating a detainee at a facility not associated with the detention facility and utilizing his independent medical judgment is not answerable to the state and does not act under color of state law for purposes of § 1983." *Burgess* at *2.

Plaintiff cites *Conner v. Donnelly*, 42 F.3d 220, 223 (4th Cir. 1994), where the Court held that a private doctor "acted under color of state law" when he treated an inmate "even though [the doctor] did not have a contractual relationship with [the state] to provide medical care to its prisoners." *Conner*, 42 F.3d at 225.[2] Even without "a contractual relationship with the state, the physician can treat a prisoner only with the state's authorization." *Id.* "The source of the deprivation does not change because the physician has no contractual relationship with the state:

---

[2] *See also West v Atkins*, 487 U.S. 42, 54 (1988) (The Supreme Court held "as a physician employed by North Carolina to provide medical services to state prison inmates, acted under color of state law for purpose of § 1983 when undertaking his duties in treating petitioner's injury. Such conduct is fairly attributable to the State.") However, *West* has several key facts that make it distinguishable from the instant case. Chief among them is the doctor in *West* was a physician contracted by the state and treated the petitioner at a state run prison hospital.

the physician acts under color of state law because the state has incarcerated the prisoner and denied him the possibility of obtaining adequate medical care on his own." *Id.*

However, as Dr. Nguyen correctly points out, the Fourth Circuit's decision "does not reflect current law in the Eighth Circuit and as routinely applied in Arkansas Federal District Courts." (Doc. No. 23 at 1.) Dr. Nguyen cites *Goodwin v. Hughes*, 696 F.Supp.3d 723 (D. Neb. Sept. 29, 2023), which has facts similar to the instant case. Like Mr. Hopkins, the plaintiff in *Goodwin* also argued the doctors were acting under color of law because of the holding in *Conner*. But the court distinguished *Conner* holding "the Fourth Circuit's holding in *Conner* conflicts with 'the Eighth Circuit's application of the functional view of state action in *Montano*." *Goodwin*, 696 F.Supp.3d at 741 (quoting *Griffis v. Medford*, 2007 WL 2752373 (W.D. Ark. Sept. 20, 2007). The court held the two doctors were not acting under color of state law after performing a surgery on the plaintiff and seeing him for two follow up visits because "there is too little connection between the state and [the doctors] to consider their conduct fairly attributable to the state. The undisputed material facts establish that at no time were [the doctors] employees of the state or under a contract with any governmental entity to provide medical care to inmates." *Id*.

Based on the record before me and the relevant case law, I find Dr. Nguyen is not a state actor for purposes of § 1983. First, Dr. Nguyen is not an employee of the ADC or any of its facilities or "any entity contracted with [the ADC] to manage medical care for inmates." (Doc. No. 11 at 2.) Furthermore, he "sees patients at Bowen Hefley's private clinics" and "performs procedures at local medical facilities where he has privileges." (*Id.* at 3.) Dr. Nguyen uses his "independent medical expertise and judgment" to make recommendations and "does not practice according to any instructions, policies, or direction from [ADC]." (*Id.*) Additionally, Dr. Nguyen sends his recommendations to the ADC and the ADC "through its own process and with its own

6

internal medical providers, reviews the form and determines which recommendations, if any, to implement." (*Id.*)

Plaintiff's bare response to Dr. Nguyen's Statement of Undisputed Material Facts does not chin the bar to create a genuine issue of material fact necessary to overcome summary judgment. Plaintiff's basic argument is Dr. Nguyen must have signed a contract to get paid and, therefore, he is a state actor. (Doc. No. 21 at 2.) However, as Dr. Nguyen puts it, Plaintiff "must meet proof with proof," and Plaintiff has not done so. (Doc. No. 23 at 5.) Dr. Nguyen is also correct that Plaintiff "has not alleged any facts about a non-existent contract that could somehow turn [him] into a state actor other than the fact of payment." (*Id.* at 5-6.)

Even construing the evidence in the light most favorable to Plaintiff, the Eighth Circuit case law precludes Plaintiff's argument. *See Montano*, 120 F.3d at 850. The undisputed material facts show Dr. Nguyen was at no time an employee of the Arkansas Department of Corrections or Wellpath, Dr. Nguyen practices in private clinics and local hospitals, and does not follow ADC policy or procedures. The recommendations Dr. Nguyen makes are based on his medical expertise and ADC makes the decision whether to act on his recommendations. These facts are conceded by Plaintiff, thus foreclosing any genuine issue of material fact. Therefore, Dr. Nguyen is not a state actor for purposes of §1983 and is entitled to summary judgment.

## V.     CONCLUSION

IT IS, THEREFORE, ORDERED THAT:

1.     Defendant's Motion for Summary Judgment (Doc. No. 9) is GRANTED and Plaintiff's Complaint (Doc. No. 2) is DISMISSED with prejudice, and this case be CLOSED.

2.     The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

DATED this 24th day of July 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE